UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| HMP ORTHOPAEDICS, P.C., and RICHARD PEARL, M.D., | COMPLAINT |
| Plaintiffs, | DOCKET NO. 13 CV 2786 (RS)(FM) |
| -against- | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | JURY TRIAL DEMANDED |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Plaintiffs, HMP Orthopaedics, P.C. ("HMP") and Richard Pearl, M.D., by their attorneys, Garfunkel Wild, P.C., for their Complaint against the Defendant, State Farm Mutual Automobile Insurance Company, allege as follows:

INTRODUCTION

1. Owned and operated by Plaintiff Richard Pearl, M.D., HMP is a medical practice headquartered in Manhattan, with offices throughout the rest of New York City, that specializes in providing orthopedic services to injured patients, including those who have sustained injuries resulting from motor vehicle accidents. As part of this business, HMP regularly accepts assignment of a patient's automobile no-fault benefits and, accordingly, obtains the responsibility for submitting claims for payment to New York automobile no-fault insurers, including Defendant State Farm.

2. Unfortunately, since January 1, 2010, State Farm has steadfastly refused to pay any of HMP's timely and properly submitted no-fault claims based upon unsupported reasons,

none of which have ever been substantiated or confirmed. Indeed, even after Plaintiff's full compliance with State Farm's requests for information and an examination under oath, State Farm has yet to make any payments to Plaintiffs.

3.  Accordingly, by this lawsuit, HMP seeks to compel State Farm to honor its statutory and contractual obligations to reimburse Plaintiffs in accordance with the terms of Defendant's policies of insurance and New York Insurance Law, article 51, the Comprehensive Motor Vehicle Insurance Reparations, and the regulations for health care services provided to Defendant's no-fault insurance beneficiaries, from January 1, 2010 to date.

4.  Because State Farm has no legitimate reason for continuing to refuse to pay these claims, Plaintiffs seek compensatory damages from State Farm in a total amount in excess of $1,000,000, plus interest, costs, disbursements, attorneys' fees, and other allowances.

## JURISDICTION

5.  The Plaintiff, HMP Orthopaedics, P.C., is a New York medical professional corporation that maintains its principal place of business in New York, New York. Plaintiff Richard Pearl, M.D., who is the principal of HMP, resides in New York.

6.  Upon information and belief, the Defendant State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois. At all relevant times, State Farm was and still is engaged in the business of insuring automobiles and the drivers thereof against certain hazards, including personal injuries.

7.  The amount in controversy in this lawsuit exceeds $75,000 exclusive of interest and costs.

8.  An action brought by a New York assignee of no-fault insurance benefits against an out-of-state no-fault insurer alleging that the insurer wrongfully withheld benefits in violation of the New York No-Fault Insurance Law (article 51 of the New York Insurance Law) does not fall within the direct-action exception to federal diversity-of-citizenship jurisdiction. *Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 678-79 (2d Cir. 1992).

9.  By reason of the foregoing, this Court has subject-matter jurisdiction of this action under 28 U.S.C. § 1332.

## RELEVANT FACTS

Plaintiff's Medical Practice

10. Plaintiff HMP Orthopaedics, P.C. is a professional medical corporation owned and controlled by Richard Pearl, M.D., a New York-licensed physician who has been plaintiffs' sole principal since its formation in 2009.

11. Dr. Pearl just received his license to practice medicine in New York by the New York State Education Department in 1978.

12. At all relevant times, Plaintiffs have actively provided medical services to patients in the New York metropolitan area who have sustained injuries as a result of car accidents.

13. As part of the business, HMP regularly accepts assignment of a patient's automobile no-fault benefits and, accordingly, obtains the responsibility for submitting claims for payment to New York automobile no-fault insurers, including Defendant State Farm.

New York's Automobile No-Fault Insurance System

14. New York's Comprehensive Motor Vehicle Insurance Reparations Act (the "No-Fault Law"), N.Y. Ins. Law §§ 5101-08, adopted in 1973, requires the insurer of any vehicle owner to pay first-party medical benefits, regardless of fault, to "[p]ersons, other than occupants of another motor vehicle or a motorcycle, for loss arising out of the use or operation in [New York] of such motor vehicle." N.Y. Ins. Law § 5103(a)(1).

15. The No-Fault Law and its governing regulations permit a licensed New York medical provider to accept, in lieu of direct payment from an automobile accident victim for necessary medical services rendered to that victim, an assignment of no-fault benefits due the victim from his or her no-fault insurer. 11 N.Y.C.R.R. § 65-3.11(b).

16. Upon receipt of a valid assignment-of-benefits, it becomes the medical provider's responsibility to submit the claim for no-fault benefits directly to the relevant insurer. The State Insurance Department regulations prescribe the verification information that the medical provider must submit – typically on a form called an "NF-2" – to substantiate the claim for no-fault benefits. 11 N.Y.C.R.R. § 65-3.5.

17. A no-fault insurer has 30 days from receipt of proof of claim under Insurance Department regulations to pay a claim for no-fault benefits. 11 N.Y.C.R.R. § 65-3.8.

18. Failure of a insurer to pay timely pay a valid claim within the required 30-day period, entitles the claimant to recover statutory interest and attorneys' fees. 11 N.Y.C.R.R. §§ 65-3.9 to 65-3.10.

19. The State Insurance Department regulations permit an insurer to stay this 30-day period if it legitimately needs additional information to determine the veracity of the claim for

4

no-fault benefits. However, the process of requesting additional information is heavily regulated by the Insurance Department.

20. For example, Insurance Department regulations set forth several claim practice principles that must be followed by all insurers. *See* 11 N.Y.C.R.R. § 65-3.2. Under these claim practice principles, insurers are directed, among other things, to "not treat the applicant as an adversary." 11 N.Y.C.R.R. § 65-3.2(b). Moreover, insurers are prohibited from demanding "verification of facts unless there are good reasons to do so." 11 N.Y.C.R.R. § 65-3.2(c). Likewise, these regulations provide that "when verification of facts is necessary, it should be done as expeditiously as possible," such as by using a telephone whenever possible 11 N.Y.C.R.R. § 65-3.2(c)-(d).

21. The claim procedures that no-fault insurers must follow is further set forth in 11 N.Y.C.R.R. §65-3.5(a), which establishes time limits for requesting additional information. Under these regulations, the insurer has 15 business days from its receipt of a no-fault claim verification form (known as a NF-2) to request any additional verification to request any additional verification. 11 N.Y.C.R.R. §65-3.5(b).

22. And, while an insurer is permitted to obtain additional information through the use of an examination under oath of the provider or the insured, an insurer's request for examinations under oath should be neither arbitrary nor routine, but only based upon the application of specific facts to objective standards established by the insurer in order to provide a reasonable basis for the request. Failure to utilize and reasonably apply objective standards when requesting examinations under oath constitutes an unfair claims settlement practice in violation of the Insurance Law. N.Y. Insurance Department General Counsel Opinion 12-10-96; N.Y. Insurance Department Circular Letter 2002-9 (Apr. 9, 2002).

5

23. Finally, all examinations under oath requested by a no-fault insurer on a claim must be conducted within 30 calendar days from its receipt of a no-fault claim verification form. 11 N.Y.C.R.R. § 65-3.8(a)(2). The examinations must be held at a place and time reasonably convenient to the applicant. 11 N.Y.C.R.R. § 65-3.8(a)(3).

The Claims at Issue

24. On or before the dates of their respective accidents listed on Schedule A, State Farm issued and delivered policies of insurance that covered as beneficiaries the patients listed on Schedule A (referred to herein collectively as the "Patients").[1]

25. These insurance policies all contain agreements to insure covered persons for Basic Economic Loss, as defined in New York Insurance Law § 5102(a), up to the limit set forth in the respective policies.

26. On the dates of accidents listed on the annexed Schedule A, while the applicable policies were in full force and effect, the Patients suffered Basic Economic Loss under circumstances entitling them to receive First Party Benefits under the policies.

27. Upon information and belief, State Farm received timely notice of the circumstances entitling the Patients to receive First Party Benefits.

---

[1] The insured and patients' names have been removed to ensure confidentiality and privacy, and are replaced by claim and policy numbers.

6

Plaintiffs' Treatment Of The Patients

28. On or after the dates of accidents listed on the annexed Schedule A, the Patients received reasonable and necessary medical treatment from Plaintiffs that qualified as Basic Economic Loss.

29. On or after the dates of accident listed on the annexed Schedule A, the Patients duly assigned their claims and rights to First Party Benefits to HMP.

30. HMP thereafter timely completed, properly executed, and submitted all required forms and proofs of claim to State Farm.

State Farm's Refusal to Pay

31. Beginning in or about January 1, 2010, State Farm notified HMP that it refused to pay the claims listed on the annexed Schedule A until Dr. Pearl submitted to an examination under oath and provided additional information, including copies of the Patients' medical records; HMP's tax filings; employment contracts and records of HMP's medical provides; billing contract and correspondence; and proof of rent payments.

32. State Farm further contended that, under Article 51 of the New York Insurance Law and the applicable New York State Insurance Department Regulations, it had no obligation to pay the claims listed on the annexed Schedule A until Dr. Pearl submitted to the examination under oath and provided additional verification that State Farm required.

33. In or about February 2012, State Farm conducted an examination under oath of Dr. Pearl. Dr. Pearl also provided all relevant information to State Farm.

7

34. Accordingly, as of no later than February 2012, HMP had satisfied its obligations under New York Insurance Law § 5106(a) to supply proof of the loss and amount of loss sustained with respect to the claims listed on the annexed Schedule A.

35. State Farm, through its representatives, has to date repeatedly failed and refused to make any payment in full of the claims listed on the annexed Schedule A.

FIRST CAUSE OF ACTION

36. HMP incorporates by reference the allegations set forth above as if more fully set forth herein.

37. Under New York Insurance Law § 5106(a), State Farm had no more than 30 days after HMP satisfied its obligations under New York Insurance Law § 5106(a) to supply proof of the loss and amount of loss sustained with respect to the claims listed on the annexed Schedule A.

38. Notwithstanding that more than 30 days now have elapsed since HMP satisfied its obligations under New York Insurance Law § 5106(a) to supply verification requested by State Farm with respect to the claims listed on the annexed Schedule A, State Farm has failed and refused to pay in full the claims listed on the annexed Schedule A.

39. By reason of the foregoing, the claims listed on the annexed Schedule A are now overdue under the provisions of New York Insurance Law § 5106(a).

40. HMP is therefore entitled to immediate payment in full of the claims listed on the annexed Schedule A.

GWTDOCS 2558877v2

41. HMP is also entitled to interest on these unpaid claims at the rate of 2% per month.

42. HMP is also entitled to recover its attorney's reasonable fee for services necessarily performed in connection with securing payment of the overdue claim.

## SECOND CAUSE OF ACTION

43. HMP incorporates by reference the allegations set forth above as if more fully set forth herein.

44. State Farm entered into insurance contracts with its insureds whereby State Farm agreed to pay for reasonable and necessary medical expenses incurred by the Patients as a result of covered automobile accidents.

45. On or after the dates of accident listed on the annexed Schedule A, the Patients received reasonable and necessary medical treatment from Plaintiffs that qualified for payment under these insurance contracts.

46. On or after the dates of accident listed on the annexed Schedule A, the contractual rights to receive payment from State Farm related to the Patients were assigned to HMP.

47. HMP has complied with all obligations under these contracts to receive payment for the services that it rendered to the Patients.

48. To date, State Farm has failed and refused to pay HMP in full for the services that HMP rendered to the Patients.

9

49. By reason of the foregoing, HMP is entitled to damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

50. HMP incorporates by reference the allegations set forth above in Paragraphs 1-17 as if more fully set forth herein.

51. After the dates of accident listed on the annexed Schedule A, the Patients presented at HMP with medical conditions reasonably and necessarily requiring medical treatment.

52. Upon information and belief, the treatment provided by HMP were covered services under the relevant State Farm insurance policies.

53. At their time of treatment, the Patients presented documentation to HMP indicating that State Farm was legally responsible to pay for their treatment. Defendant was aware at or around the times that its subscribers received Plaintiffs' services that Plaintiffs provided its subscribers with covered services.

54. Given these facts and circumstances, HMP reasonably expected and understood that State Farm would pay for the treatment rendered.

55. Given these facts and circumstances, HMP provided medical services to the Patients with the expectation and understanding that State Farm would pay it for these services.

56. State Farm has to date failed to pay Plaintiffs the reasonable value of these services.

10

GWTDOCS 2558877v2

57. By reason of the foregoing, HMP is entitled to damages in an amount to be determined at trial, but not less than $1,000.000.

WHEREFORE, the Plaintiffs demand judgment against the Defendant State Farm as follows:

a. On the first cause of action, requiring State Farm to immediately pay in full the claims listed on the annexed Schedule A, together with interest on these unpaid claims at the rate of 2% per month, and a reasonable fee for HMP's attorney for services necessarily performed in connection with securing payment of the overdue claims.

b. On the second cause of action, damages in an amount to be determined at trial.

c. On the third cause of action, damages in an amount to be determined at trial.

d. Such other and further relief that the Court deems just and proper, including interest, costs, and other disbursements.

Dated: Great Neck, New York
July 8, 2013

GARFUNKEL WILD, P.C.
*Attorneys for Plaintiffs*

By:_____
Roy W. Breitenbach
Jason Hsi
111 Great Neck Road
Great Neck, New York 11021
(516) 393-2200

GWTDOCS 2558877v2

# EXHIBIT A

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | Provider | Policy # | Claim # | Amt Denied | DateEntered | DOS | TreatingPhysician | Date of Loss |
| 2 | *HMP Orthopedics* | | | | | | | |
| 3 | | 125608132 | 320J61967 | $49.26 | 3/21/2012 | 2/15/12 | Richard Pearl | 10/2/2011 |
| 4 | | 125608132 | 320J61967 | $49.26 | 3/19/2012 | 2/15/12 | Richard Pearl | 10/2/2011 |
| 5 | | 125608132 | 320J61967 | $49.26 | 3/21/2012 | 12/13/2011 | | 10/2/2011 |
| 6 | | 125608132 | 320J61967 | $49.26 | 3/21/2012 | 1/10/2012 | | 10/2/2011 |
| 7 | | 115287832 | 320L07799 | $80.02 | 5/9/2012 | 1/6/12 | Richard Pearl | 10/31/2011 |
| 8 | | 0814932232C | 320L30666 | $49.26 | 4/11/2012 | 2/16/12 | Richard Pearl | 11/1/2011 |
| 9 | | 0814932232C | 320L30666 | $80.02 | 4/11/2012 | 1/11/12 | Richard Pearl | 11/2/2011 |
| 10 | | 1001-145-32 | 32-V778-097 | $137.07 | 5/9/2012 | 1/20/12 | MD NOT LISTED | 7/13/2009 |
| 11 | | 102820338E | 380H55106 | $80.02 | 2/21/2012 | 11/1/11 | Richard Pearl | 9/28/2011 |
| 12 | | | 52-8482-608 | $749.49 | 2/15/2012 | 12/19- | MD NOT LISTED | |
| 13 | | 0557-202-30 | 30-B037-631 | $80.02 | 2/24/2012 | 11/4/11 | Richard Pearl | 4/14/2011 |
| 14 | | | 32061Q985 | $80.02 | 2/24/2012 | 12/21/11 | Richard Pearl | |
| 15 | | 1283636332A | 320F10332 | $1,922.00 | 5/3/2012 | 2/13/12 | Angel M Leal | 7/13/2011 |
| 16 | | 1283636332A | 320F10332 | $80.02 | 5/3/2012 | 1/6/2012 | Richard Pearl | 7/13/2011 |
| 17 | | 1283636332A | 320F10332 | $49.26 | 5/3/2012 | 1/24/12 | Richard Pearl | 7/13/2011 |
| 18 | | 1283636332A | 320F10332 | $7,679.71 | 5/3/2012 | 2/13/12 | Richard Pearl | 7/13/2011 |
| 19 | | | 320G60063 | $8,446.88 | 2/24/2012 | 11/7/11 | Richard Pearl | 8/26/2011 |
| 20 | | 114764532A | 320G60063 | $49.26 | 2/24/2012 | 10/18/11 | Richard Pearl | 8/26/2011 |
| 21 | | 114764532A | 320G60063 | $1,250.00 | 2/24/2012 | 11/17/2011 | Richard Pearl | 8/26/2011 |
| 22 | | 114764532A | 320G60063 | $6,745.23 | 2/24/2012 | 12/5/11 | Richard Pearl | 8/26/2011 |
| 23 | | 114764532A | 320G60063 | $1,691.00 | 2/24/2012 | 12/5/11 | Angel M Leal | 8/26/2011 |
| 24 | | | 320G60063 | $6,745.23 | 2/24/2012 | 12/5/11 | Richard Pearl | |
| 25 | | | 320J61967 | $49.26 | 2/23/2012 | 12/13/11 | Richard Pearl | |
| 26 | | | 320J61967 | $49.26 | 2/23/2012 | 1/10/12 | Richard Pearl | |
| 27 | | | 320J61967 | $80.02 | 2/23/2012 | 10/4/11 | Richard Pearl | |
| 28 | | | 320J61967 | $49.26 | 2/23/2012 | 1/10/12 | Richard Pearl | |
| 29 | | | 320J80072 | $2,056.00 | 2/23/2012 | 1/16/12 | Angel M Leal | |
| 30 | | | 320J80072 | $1,490.00 | 2/23/2012 | 1/16/12 | Angel M Leal | |
| 31 | | | 320J80072 | $5,955.04 | 2/23/2012 | 1/16/12 | Richard Pearl | |
| 32 | | | 320J80072 | $5,955.04 | 2/23/2012 | 1/16/12 | Richard Pearl | |
| 33 | | | 320J80072 | $1,490.00 | 2/23/2012 | 1/16/12 | Angel M Leal | |
| 34 | | 133506632 | 320J80072 | $80.02 | 2/23/2012 | 11/16/11 | Richard Pearl | 10/10/2011 |
| 35 | | | 320J80072 | $2,056.00 | 2/23/2012 | 1/16/12 | Angel M Leal | |
| 36 | | 133506632 | 320J80072 | $80.02 | 2/23/2012 | 11/16/11 | Richard Pearl | 10/10/2011 |

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| 37 | | | | | | | |
| 38 | | 320J80072 | $8,206.51 | 2/23/2012 | 1/16/12 | Richard Pearl | |
| 39 | | 320J80072 | $8,206.51 | 2/23/2012 | 1/16/12 | Richard Pearl | |
| 40 | 1042-456-32 | 32-V869-332 | $49.26 | 2/24/2012 | 10/18/11 | Richard Pearl | 1/24/2011 |
| 41 | | 32-V869-332 | $49.26 | 3/16/2012 | 2/15/12 | Richard Pearl | |
| 42 | 1004-548-32 | 32-V894-915 | $49.26 | 2/24/2012 | 11/2/11 | Richard Pearl | 8/10/2011 |
| 43 | 0991-276-32 | 32-V895-207 | $49.26 | 2/24/2012 | 11/15/11 | Richard Pearl | 8/12/2011 |
| 44 | | 32-V895-207 | $894.00 | 3/16/2012 | 2/20/12 | Angel M Leal | |
| 45 | | 32-V895-207 | $5,955.04 | 3/16/2012 | 2/20/12 | Richard Pearl | |
| 46 | | 32-V895-207 | $5,955.04 | 3/16/2012 | 2/20-22/12 | Richard Pearl | |
| 47 | | 32-V895-207 | $894.00 | 3/16/2012 | 2/20/12 | Angel M Leal | |
| 48 | 0991-276-32 | 32-V895-207 | $1,490.00 | 2/24/2012 | 12/12/11 | Angel M Leal | 8/12/2011 |
| 49 | 0991-276-33 | 32-V895-207 | $5,955.04 | 2/24/2012 | 12/12/11 | Richard Pearl | 8/12/2011 |
| 50 | | 32-V895-207 | $1,490.00 | 2/24/2012 | 12/12/11 | Angel M Leal | 8/12/2011 |
| 51 | 0119-819-32 | 32-V898-167 | $80.02 | 2/24/2012 | 12/6/11 | Richard Pearl | 9/12/2011 |
| 52 | | 32-V898-167 | $5,955.04 | 2/24/2012 | 1/30/12 | Richard Pearl | |
| 53 | | 32-V898-167 | $1,196.00 | 2/24/2012 | 1/30/12 | Angel M Leal | |
| 54 | | 52-8442-220 | $49.26 | 3/9/2012 | 2/3/12 | Richard Pearl | |
| 55 | | 52-8442-220 | $49.26 | 4/25/2012 | 4/3/12 | Richard Pearl | |
| 56 | 1636-977-52 | 52-8442-220 | $49.26 | 3/9/2012 | 1/6/12 | Richard Pearl | |
| 57 | 1636-977-52 | 52-8442-220 | $49.26 | 2/24/2012 | 11/14/11 | Richard Pearl | 11/16/2010 |
| 58 | | 52-8442-220 | $249.26 | 2/24/2012 | 12/6/11 | Richard Pearl | 11/16/2010 |
| 59 | 1636-977-52 | 52-8442-220 | $49.26 | 3/9/2012 | 1/6/12 | Richard Pearl | |
| 60 | 1576-876-52 | 52-8482-608 | $49.26 | 2/24/2012 | 10/18/11 | Richard Pearl | 11/16/2010 |
| 61 | 1576-876-52 | 52-8482-608 | $49.26 | 2/24/2012 | 10/21/11 | Richard Pearl | 5/31/2011 |
| 62 | 136288332 | 32-061Q-985 | $80.02 | | 11/9/2011 | Richard Pearl | 5/31/2011 |
| 63 | 1310-247-52 | 52-8489-118 | $49.26 | | 12/21/2011 | | 11/20/2011 |
| 64 | 0744439832C | 32-0Q75-100 | $80.02 | | 11/2/2011 | | 7/9/2011 |
| 65 | 0744439832C | 32-0Q75-100 | $49.26 | | 4/5/2012 | | 1/22/2012 |
| 66 | 131550832 | 32-0S72-948 | $80.02 | | 5/22/2012 | | 1/22/2012 |
| 67 | 131202832 | 32-1D10-634 | $80.02 | | 5/2/2012 | | 2/24/2012 |
| 68 | 135597938B | 38-100T-731 | $80.02 | | 6/5/2012 | | 5/30/2012 |
| 69 | | 38-100T-732 | $49.26 | | 5/22/2012 | | 3/6/2012 |
| 70 | | 38-100T-733 | $167.83 | | 4/3/2012 | | 3/6/2012 |
| 71 | | 38-100T-734 | $49.26 | | 4/17/2012 | | 3/6/2012 |
| 72 | 133056532 | 32-0Q04-121 | $80.02 | | 5/1/2012 | | 1/10/2012 |
| | | | | | 4/11/2012 | | |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 73 | | 140823032 | 32-0V27-294 | $80.02 | | 4/11/2012 | | 3/19/2012 |
| 74 | | 1347829 32A | 32-1B49-447 | $80.02 | | 6/27/2012 | | 5/20/2012 |
| 75 | | 128264032 | 32-0Q20-131 | $80.02 | | 4/11/2012 | | 1/22/2012 |
| 76 | | 137008832 | 32-0X84-113 | $80.02 | | 5/1/2012 | | 3/10/2012 |
| 77 | | 109957638C | 38-081T-644 | $80.02 | | 5/2/2012 | | 1/21/2012 |
| 78 | | 132421132A | 32-0T47-162 | $49.26 | | 5/23/2012 | | 3/14/2012 |
| 79 | | 132421132A | 32-0T47-162 | $80.02 | | 4/11/2012 | | 3/14/2012 |
| 80 | | 1152646 32B | 32-127X050 | $80.02 | | 7/18/2012 | | 5/7/2012 |
| 81 | | 1152646 32B | 32-127X051 | $80.02 | | 7/19/2012 | | 5/8/2012 |
| 82 | | 1068-740-32 | 32-V891-356 | $49.26 | | 2/22/2012 | | 7/23/2011 |
| 83 | | 138707932 | 32-072Q-421 | $80.02 | | 2/1/2012 | | 12/21/2011 |
| 84 | | 1344546 32B | 32-0L51-218 | $80.02 | | 2/21/2012 | | 11/2/2011 |
| 85 | | 104507032A | 32-0S58-259 | $80.02 | | 7/18/2012 | | 3/1/2012 |
| 86 | | 109839152A | 52-1C16-738 | $80.02 | | 7/18/2012 | | 5/30/2012 |
| 87 | | 128252532 | 32-0T51-145 | $80.02 | | 5/23/2012 | | 3/7/2012 |
| 88 | | 0256415 52E | 52-8494-504 | $80.02 | | 4/8/2012 | | 8/25/2011 |
| 89 | | 134661132 | 32-0V18-257 | $49.26 | | 5/1/2012 | | 3/24/2012 |
| 90 | | 0882277 932B | 32-V886-671 | $80.02 | | 4/24/2012 | | 5/27/2011 |
| 91 | | 0882277 932B | 32-V886-671 | $3,634.87 | | 5/7/2012 | | 5/27/2011 |
| 92 | | | 32-0V53-069 | $80.02 | | 4/5/2012 | | 3/29/2012 |
| 93 | | | 32-0V53-069 | $49.26 | | 5/22/2012 | | 3/29/2012 |
| 94 | | | | | | | | |
| 95 | | | | | | | | |
| 96 | | | | | | | | |
| 97 | Total | | | $108,625.51 | | | | |