UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
HMP ORTHOPAEDICS, P.C., and             :      REPLY TO COUNTERCLAIMS
RICHARD PEARL, M.D.,                    :
                                        :
                    Plaintiffs,         :      DOCKET NO. 13 CV 2786 (RS)(FM)
                                        :
     -against-                          :
                                        :
STATE FARM MUTUAL AUTOMOBILE            :
INSURANCE COMPANY,                      :
                                        :
                    Defendant.          :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

     Plaintiffs, HMP Orthopaedics, P.C. ("HMP") and Richard Pearl, M.D., by their attorneys,

Garfunkel Wild, P.C., for their Reply to the Counterclaims of Defendant, State Farm Mutual

Automobile Insurance Company, dated August 8, 2013 (the "Counterclaims"), allege as follows:

     1.      Plaintiffs deny the allegations in paragraph 81 of the Counterclaims, and refer all

legal conclusions to the Court.

     2.      Plaintiffs deny the allegations in paragraph 82 of the Counterclaims, and refer all

legal conclusions to the Court.

     3.      Plaintiffs deny the allegations in paragraph 83 of the Counterclaims, and refer all

legal conclusions to the Court.

     4.      Plaintiffs deny the allegations in paragraph 84 of the Counterclaims, and refer all

legal conclusions to the Court.

5.     Plaintiffs deny knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 85 of the Counterclaims.

6.     Plaintiffs deny the allegations in paragraph 86 of the Counterclaims, except admit only that Dr. Pearl resides in and is a citizen of New York, was licensed to practice medicine in New York on March 24, 1978, and is the owner and sole shareholder of HMP.

7.     Plaintiffs deny the allegations in paragraph 87 of the Counterclaims, and respectfully refer the Court to the Statement of the Charges referenced therein for the true and correct terms, and legal effects, thereof, but deny the relevance of the allegations asserted.

8.     Plaintiffs deny the allegations in paragraph 88 of the Counterclaims, and respectfully refer the Court to the April 4, 2001 Determination and Order referenced therein for the true and correct terms, and legal effects, thereof, and deny the relevance of the allegations asserted.

9.     Plaintiffs deny the allegations in paragraph 89 of the Counterclaims, and respectfully refer the Court to the July 3, 2001 Determination and Order referenced therein for the true and correct terms, and legal effects, thereof, and deny the relevance of the allegations asserted.

10.     Plaintiffs deny the allegations in paragraph 90 of the Counterclaims, and respectfully refer the Court to the Appellate Division's decision referenced therein for the true and correct terms, and legal effects, thereof, and deny the relevance of the allegations asserted.

11.     Plaintiffs deny the allegations in paragraph 91 of the Counterclaims, and respectfully refer the Court to the Education Department's determination referenced therein for

the true and correct terms, and legal effects, thereof, and deny the relevance of the allegations asserted.

12.     Plaintiffs deny the allegations in paragraph 92 of the Counterclaims.

13.     Plaintiffs deny the allegations in paragraph 93 of the Counterclaims.

14.     Plaintiffs neither admit nor deny the allegations in paragraph 94 of the Counterclaims because said allegations do not allege facts to which a response is required.

15.     Plaintiffs admit the allegations in paragraph 95 of the Counterclaims.

16.     Plaintiffs neither admit nor deny the allegations in paragraph 96 of the Counterclaims because said allegations do not allege facts to which a response is required.

17.     Plaintiffs neither admit nor deny the allegations in paragraph 97 of the Counterclaims because said allegations do not allege facts to which a response is required.

18.     Plaintiffs neither admit nor deny the allegations in paragraph 98 of the Counterclaims because said allegations do not allege facts to which a response is required.

19.     Plaintiffs neither admit nor deny the allegations in paragraph 99 of the Counterclaims because said allegations do not allege facts to which a response is required.

20.     Plaintiffs neither admit nor deny the allegations in paragraph 100 of the Counterclaims because said allegations do not allege facts to which a response is required.

21.     Plaintiffs neither admit nor deny the allegations in paragraph 101 of the Counterclaims because said allegations do not allege facts to which a response is required.

3

22.     Plaintiffs neither admit nor deny the allegations in paragraph 102 of the Counterclaims because said allegations do not allege facts to which a response is required.

23.     Plaintiffs neither admit nor deny the allegations in paragraph 103 of the Counterclaims because said allegations do not allege facts to which a response is required.

24.     Plaintiffs neither admit nor deny the allegations in paragraph 104 of the Counterclaims because said allegations do not allege facts to which a response is required.

25.     Plaintiffs neither admit nor deny the allegations in paragraph 105 of the Counterclaims because said allegations do not allege facts to which a response is required.

26.     Plaintiffs deny the allegations in paragraph 106 of the Counterclaims.

27.     Plaintiffs deny the allegations in paragraph 107 of the Counterclaims.

28.     Plaintiffs deny the allegations in paragraph 108 of the Counterclaims.

29.     Plaintiffs deny the allegations in paragraph 109 of the Counterclaims.

30.     Plaintiffs deny the allegations in paragraph 110 of the Counterclaims.

31.     Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the Counterclaims.

32.     Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 of the Counterclaims.

33.     Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 of the Counterclaims.

4

34.     Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 of the Counterclaims.

35.     Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 of the Counterclaims.

36.     Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 of the Counterclaims.

37.     Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Counterclaims.

38.     Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118 of the Counterclaims.

39.     Plaintiffs deny the allegations in paragraph 119 of the Counterclaims.

40.     Plaintiffs deny the allegations in paragraph 120 of the Counterclaims.

41.     Plaintiffs deny the allegations in paragraph 121 of the Counterclaims.

42.     Plaintiffs deny the allegations in paragraph 122 of the Counterclaims, and respectfully refer the Court to the "February 17, 2012 examination under oath" referenced therein for the true and correct terms, and legal effects, thereof.

43.     Plaintiffs deny the allegations in paragraph 123 of the Counterclaims.

44.     Plaintiffs deny the allegations in paragraph 124 of the Counterclaims, and respectfully refer the Court to the "February 17, 2012 examination under oath" referenced therein for the true and correct terms, and legal effects, thereof.

45.     Plaintiffs deny the allegations in paragraph 125 of the Counterclaims.

46.     Plaintiffs neither admit nor deny the allegations in paragraph 126 of the Counterclaims because said allegations do not allege facts to which a response is required.

47.     Plaintiffs deny the allegations in paragraph 127 of the Counterclaims.

48.     Plaintiffs deny the allegations in paragraph 128 of the Counterclaims, and respectfully refer the Court to the "February 17, 2012 examination under oath" referenced therein for the true and correct terms, and legal effects, thereof.

49.     Plaintiffs deny the allegations in paragraph 129 of the Counterclaims.

50.     Plaintiffs deny the allegations in paragraph 130 of the Counterclaims.

51.     Plaintiffs admit the allegations in paragraph 131 of the Counterclaims.

52.     Plaintiffs deny the allegations in paragraph 132 of the Counterclaims.

53.     Plaintiffs deny the allegations in paragraph 133 of the Counterclaims.

54.     Plaintiffs deny the allegations in paragraph 134 of the Counterclaims.

55.     Plaintiffs deny the allegations in paragraph 135 of the Counterclaims.

56.     Plaintiffs deny the allegations in paragraph 136 of the Counterclaims, except admit that State Farm is under statutory and contractual obligations to promptly and fairly process claims within 30 days.

57.     Plaintiffs deny the allegations in paragraph 137 of the Counterclaims.

6

58.    Plaintiffs repeat and reallege the foregoing responses as if fully set forth herein.

59.    Plaintiffs deny the allegations in paragraph 139 of the Counterclaims.

60.    Plaintiffs deny the allegations in paragraph 140 of the Counterclaims.

61.    Plaintiffs deny the allegations in paragraph 141 of the Counterclaims.

62.    Plaintiffs deny the allegations in paragraph 142 of the Counterclaims.

63.    Plaintiffs repeat and reallege the foregoing responses as if fully set forth herein.

64.    Plaintiffs deny the allegations in paragraph 144 of the Counterclaims.

65.    Plaintiffs deny the allegations in paragraph 145 of the Counterclaims.

66.    Plaintiffs deny the allegations in paragraph 146 of the Counterclaims.

67.    Plaintiffs deny the allegations in paragraph 147 of the Counterclaims.

68.    Plaintiffs deny the allegations in paragraph 148 of the Counterclaims.

69.    Plaintiffs deny the allegations in paragraph 149 of the Counterclaims.

70.    Plaintiffs repeat and reallege the foregoing responses as if fully set forth herein.

71.    Plaintiffs deny the allegations in paragraph 151 of the Counterclaims.

72.    Plaintiffs deny the allegations in paragraph 152 of the Counterclaims.

73.    Plaintiffs deny the allegations in paragraph 153 of the Counterclaims.

74.    Plaintiffs deny the allegations in paragraph 154 of the Counterclaims.

GWTDOCS 2619486v2

75.     Plaintiffs deny the allegations in paragraph 155 of the Counterclaims.

76.     Plaintiffs admit that State Farm demands a trial by jury in paragraph 156 of the Counterclaims.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

77.     Defendant fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

78.     The Counterclaims are barred by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

79.     The Counterclaims are barred by the doctrines of waiver, laches, payment, and estoppel.


WHEREFORE, Plaintiffs demand judgment against Defendant dismissing the Counterclaims, awarding Plaintiff the costs, disbursements, attorneys' fees and other allowances of this action, and such other and further relief that the Court deems just, proper and equitable.

Dated: Great Neck, New York
       September 10, 2013

GARFUNKEL WILD, P.C.
*Attorneys for Plaintiffs*

By: _____
       Roy W. Breitenbach
       Jason Hsi
       111 Great Neck Road
       Great Neck, New York 11021
       (516) 393-2200

8